**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Guillermo Ortega, III,<br><br>　　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　　Respondents. | No. CV-20-00361-PHX-ROS<br><br>**ORDER** |

On November 25, 2020, Magistrate Judge Michael T. Morrissey issued a Report and Recommendation ("R&R") recommending Petitioner Guillermo Ortega's petition for writ of habeas corpus be dismissed with prejudice. (Doc. 13). The R&R concluded the petition was untimely under the standard calculations and Petitioner was not entitled to the "actual innocence" exception to the statute of limitations. Petitioner filed objections, Respondents replied, and Petitioner filed a sur-reply. (Doc. 15, 16, 17). The R&R is correct and will be adopted in full.

**BACKGROUND**

Petitioner was convicted of second-degree murder, attempted second-degree murder, and multiple counts of assault. His convictions and sentences were affirmed by the Arizona Court of Appeals and the Arizona Supreme Court denied review. The mandate in those direct appeal proceedings issued on April 1, 2016. On May 16, 2016, Petitioner filed a notice of post-conviction relief in state court. The state trial court eventually denied relief and Petitioner sought review by the Arizona Court of Appeals.

On May 10, 2018, the Arizona Court of Appeals concluded the notice of post-conviction relief Petitioner had filed on May 16, 2016, was not timely. (Doc. 8-3 at 104). As explained by that court, Petitioner's notice was due within 30 days of April 1, 2016, the date of the mandate in his direct appeal. Because the notice of post-conviction relief was not filed within 30 days, it was untimely as a matter of Arizona law. (Doc. 8-3 at 104). Petitioner sought reconsideration of that ruling which was denied. (Doc. 8-3 at 123). Petitioner's request for review by the Arizona Supreme Court was also denied. (Doc. 8-3 at 142). The mandate in the post-conviction relief proceedings was issued on May 1, 2019. (Doc. 17 at 11). Petitioner's federal petition for writ of habeas corpus was constructively filed as of February 14, 2020. (Doc. 1 at 16).

Based on these dates, the R&R concluded the federal one-year limitations period began on June 30, 2016, ninety days after the mandate in Petitioner's direct appeal. Petitioner did not file his federal petition until February 14, 2020, well outside the limitations period.[1] The R&R further concluded Petitioner was not entitled to statutory tolling because his notice of post-conviction relief filed in state court on May 16, 2016, was not "properly filed" as a matter of Arizona law. (Doc. 13 at 5). That is, the notice of post-conviction relief was filed too late under Arizona law and, therefore, that filing did not stop the federal one-year clock from running and, eventually, expiring. The R&R also concluded Petitioner was not entitled to equitable tolling because he had not established extraordinary circumstances prevented his timely filing. Finally, the R&R concluded Petitioner was not entitled to the "actual innocence" exception to the statute of limitations because the basis of his "actual innocence" assertion was simply "a different factual scenario than that found by the jury." (Doc. 13 at 7).

Petitioner filed objections to the R&R which argue he is "factually actually innocent" because Arizona courts lacked "subject matter jurisdiction." (Doc. 15 at 2, 4).

---

[1] The R&R uses the date the petition was filed on the docket, February 18, 2020, as the relevant date. However, "a pro se petitioner's petition is deemed constructively filed at the moment it is delivered to prison officials to be forwarded to the court clerk." *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). The petition states it was given to prison officials on February 14, 2020. Thus, the Court will use February 14, 2020, as the filing date.

Petitioner explains it is "a functional impossibility for any Arizona Superior Court to have subject-matter jurisdiction due to the fact that Arizona judges are paid graft by the Private Prisons through Arizona Pension Funds for convictions and not for acquittals." (Doc. 15 at 2). Petitioner also argues he is innocent because the prosecution suppressed "ALL exculpatory and ALL impeachment evidence." (Doc. 15 at 7). According to Petitioner, that evidence would have proven "conclusively and irrefutably" that he was stabbed first and, therefore, "any and all acts by Petitioner to survive were justified under Arizona law." (Doc. 15 at 15). Respondents filed a reply and Petitioner then filed an unauthorized sur-reply. (Doc. 16, 17).

## ANALYSIS

For present purposes, the sole issue is whether the petition is timely. If the petition is not, the Court cannot reach the merits of Petitioner's claims. *Ford v. Gonzalez*, 683 F.3d 1230, 1238 (9th Cir. 2012) (noting a court "must decide" timeliness before reaching "the merits of a habeas petitioner's claims). Petitioner's invocation of the "actual innocence" exception to the statute of limitations, however, means the Court must evaluate a portion of the merits by determining whether his evidence of innocence is sufficient.

The R&R's calculation regarding statutory tolling is correct. Petitioner's convictions were final as of June 30, 2016, ninety days after issuance of the mandate in Petitioner's direct appeal. Had Petitioner filed a timely post-conviction notice in state court, the time that notice was pending would not have counted towards the federal deadline. 28 U.S.C. § 2244(d)(2). But the Arizona Court of Appeals determined Petitioner's notice of post-conviction relief was untimely. Therefore, "none of the time before or during the [Arizona] court's consideration of that petition is statutorily tolled." *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005), amended, 439 F.3d 993 (9th Cir. 2006). Thus, the one-year federal deadline began on June 30, 2016 and expired one year later.

The R&R's conclusion that equitable tolling is not appropriate is also correct. To be entitled to equitable tolling Petitioner would have to show "(1) that he has been pursuing

his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Smith v. Davis*, 953 F.3d 582, 597-98 (9th Cir. 2020). As explained by the Ninth Circuit, to meet the first requirement Petitioner would need to establish "he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Id.* at 598-99. In other words, Petitioner would have to demonstrate his diligence for the *entire* period leading up to the filing of his federal petition.

Based on his filings, it appears Petitioner believes his time to file his federal petition should not have begun until May 1, 2019, when the mandate in his state post-conviction relief proceedings was filed. That is incorrect because the Arizona courts concluded his petition for post-conviction relief was not timely under Arizona law. But assuming for the moment the pending state post-conviction relief proceedings could qualify as an "extraordinary circumstance" to merit equitable tolling, Petitioner has not established he was diligent *after* those proceedings concluded. The mandate was issued in those proceedings on May 1, 2019 and Petitioner did not file his federal petition until February 14, 2020. With no explanation of Petitioner's diligence during that nine-month period, he is not entitled to equitable tolling.

Instead of statutory or equitable tolling, Petitioner devotes most of his filings to arguing he is "actually innocent" such that the statute of limitations cannot bar his claims. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). It is true that "actual innocence" can prevent application of the statute of limitations. *Id.* Petitioner's arguments and evidence, however, do not establish he is innocent. Rather, Petitioner has merely identified federal claims he could have asserted in a timely petition.

Petitioner argues he is "factually actually innocent" because he was convicted in a court without "subject matter jurisdiction." Under Arizona law, the trial court had "subject matter jurisdiction."[2] But more importantly, to the extent Petitioner has some viable claim

---

[2] The Arizona Constitution grants Arizona superior courts subject matter jurisdiction "in [c]riminal cases amounting to [a] felony." *State v. Maldonado*, 223 P.3d 653, 656 (Ariz.

involving the state court's jurisdiction, that claim was subject to the normal one-year limitations period.[3]  Merely arguing the state courts lacked jurisdiction does not establish Petitioner is "actually innocent" for purposes of the exception to the federal limitations period.

While phrased as an argument about innocence and jurisdiction, Petitioner's underlying claim is that the judge who presided over his trial, and potentially all state judges, had a financial interest in ensuring he was convicted.  If true, that would not establish Petitioner's innocence or that the state courts lacked jurisdiction.  Rather, those facts might be the basis for a possible claim that Petitioner was denied his rights under the Due Process Clause of the Fourteenth Amendment.  *See Rippo v. Baker*, 137 S. Ct. 905, 907 (2017) ("Recusal is required when, objectively speaking, the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.").  Such a claim would still be subject to the one-year federal statute of limitations.  Similarly, Petitioner might have claims regarding the nondisclosure of exculpatory and impeachment information.  But those claims are also subject to the statute of limitations.

Petitioner has not pointed to reliable evidence establishing this is the rare case where "no juror, acting reasonably, would have voted to find [Petitioner] guilty beyond a reasonable doubt."  *McQuiggin*, 569 U.S. at 386.  Therefore, Petitioner has not established his "actual innocence" for purposes of avoiding the one-year limitations period.  The petition is untimely and must be dismissed.

Accordingly,

---

2010).  By Arizona statute, courts may "exercise jurisdiction over a crime, wherever committed, when the 'effect' or 'result' of such crime occurs in Arizona." *State v. Flores*, 188 P.3d 706, 713 (Ariz. Ct. App. 2008).  Petitioner was tried in Gila County Superior Court for multiple felony charges for actions Petitioner took in Arizona.  Thus, the Gila County Superior Court had "subject matter jurisdiction."

[3] Some issues of state court jurisdiction likely qualify as matters of state law that cannot be the basis for relief in federal court.  *Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991) ("We are not persuaded that a constitutional violation necessarily occurs when the convicting state court acts without jurisdiction purely as a matter of state law.").  But there are other issues of state-court jurisdiction that might be the basis of a valid federal claim.  *See Horton v. Mayle*, 408 F.3d 570, 577 (9th Cir. 2005) (noting in habeas case "the right to be tried by a person with jurisdiction is a critical element of the federal constitutional right to a fair trial").

- 5 -

**IT IS ORDERED** the Report and Recommendation (Doc. 13) is **ADOPTED IN FULL**. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** a certificate of appealability and leave to proceed in forma pauperis on appeal are denied because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 30th day of April, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge